The parties are given five days to pay the fee or the complaint will be dismissed.

The Clerk shall require advance payment of fees before any civil action, suit or proceeding is filed.

Accordingly, the Local Rules are clear in the requirement that the fees be paid in advance of the filing of complaints or other proceedings.

Additionally, the court must observe that as a practical matter, administrative problems would dictate rejection of the instant application. There is no procedure for the Clerk to file with the Chapter 13 Trustee a claim for a fee of $15.00 to be charged for the payment of the filing fee. Further, if ordered to allow payment in the plan, the Clerk would be required to establish procedures to identify those cases which require the filing of a claim with the Trustee for the payment of the fees. A periodic checking of that record would be required to determine that the fees were indeed paid. It would be necessary to keep up with the payment of those fees to insure that in the event of a conversion to a Chapter 7, the fees were not unpaid. All parties are aware, the Chapter 13 claims in this district are set up on a computer. The fee payment is not listed on the original schedules and thus to place of record another claim would require the payment of a fee. It appears highly impractical to pay a $5.00 computer charge to have placed in the Chapter 13 plan a $15.00 filing fee. This is not in the debtor's best interest. Indeed, that type of installment service charge probably accounts for some of the debtor's problems.

In summary, the court finds there is no statutory basis for the payment of this fee in installments nor under the plan. There is no legal basis for the deferred payment of this fee as the local rules require payment of at the time of filing. Finally, as a practical matter such should not be done from the standpoint of the administrative difficulties presented or in the best interest of the debtor.

Accordingly, the Clerk is directed that the provisions of Rule 7(e) shall be complied with relative to the filing of complaints or other charges required by 28 U.S.C. § 1930(c).

The parties are given five days to pay the fee or the complaint will be dismissed.

It is so ORDERED.

In re Earl E. BROOKS, Bernadine Brooks, Debtors.

Bankruptcy Nos. B2 79–02986, B2 79–03649.

United States Bankruptcy Court, S. D. Ohio, E. D.

Feb. 22, 1980.

John J. Dilenschneider, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court with respect to a second amended Chapter 13 plan now jointly proposed by Earl E. Brooks and Bernadine L. Brooks, husband and wife. This second amended plan was tendered in response to this Court's order dated December 14, 1979 denying confirmation of a previously proposed Chapter 13 plan. The terms of this second amended plan call for the payment of $181.00 every week to the Chapter 13 trustee for the first forty (40) weeks of the plan then $150.00 a week for the remaining one hundred and sixteen (116) weeks of the plan, payment of priority claims and costs of administration in full, payment of secured claims in full, and the payment of a 10% dividend to unsecured creditors. Outside the terms of the plan the debtors propose to pay New Albany Federal Savings and Loan Association, Public Finance Company, both mortgagees on real estate owned by these debtors, Huntington National Bank on a 1973 Dodge automobile and a 1975 Vega Camper, and General Motors Acceptance Corporation on a 1977 Chevrolet wagon.

The Court hereby reaffirms its findings of fact contained in its December 14, 1979 order and supplements those findings with the following. Listed unsecured obligations on the schedule of Earl E. Brooks total $115,151.35. By far the largest such claim is that of Borg-Warner Corporation which is listed as being owed in the amount of $97,156.52. Borg-Warner has filed a claim in the actual amount of $96,711.32. GMAC has already been found to be an undersecured claimant on a 1979 pick-up truck with the value of its secured claim set at $5,000.00 and its unsecured claim set at $2,675.36. Other noncontingent debt listed as owing by Earl E. Brooks are Self-Adhering Products for $800.97 and Dunn and Bradstreet for $758.80. Total unsecured obligations of Earl E. Brooks are over $100,-000. The clear provisions of § 109 of the Bankruptcy Code indicate that an individual with regular income can qualify as a Chapter 13 debtor only if, on the date of the filing of the petition, he owes noncontingent unsecured debts of less than $100,000. Earl E. Brooks does not qualify under the express statutory standard set forth in the Bankruptcy Code, and that failure bars confirmation of the jointly proposed plan.

Further, there is the matter of the objections to confirmation filed by Robertson Heating Supply Co. and Borg-Warner Corporation. These objections have not been withdrawn in writing, although the objections were to the originally proposed Chapter 13 plan, and not to the plan in its present form. Both objections speak to the "best interest" test set forth in § 1325(a)(4) of the Bankruptcy Code.

Other aspects of this plan trouble the Court, even if the debtors could be considered as qualified debtors under Chapter 13. The schedules filed in this case list the ownership of ten motor vehicles by these debtors some of which are indicated to have only "junk value" but many of which have substantial value. The plans proposed by these debtors have never indicated anything other than retention of all these vehicles by these debtors. No need has been shown to this Court for the retention of these numerous motor vehicles, especially in light of the rather minimal dividend being offered to creditors in these cases. The debtors also propose to keep both parcels of real estate which they own and which carry a monthly payment obligation exceeding $880.00. While these factors alone may not be violative of the confirmation standards sets forth in § 1325 of the Bankruptcy Code, they do establish a reason for inquiry into the nature of this Chapter 13 plan and its effect upon creditors.

Based upon the foregoing findings, the Court hereby determines that confirmation of the second amended Chapter 13 plan filed herein should be, and the same is hereby, denied.

IT IS SO ORDERED.